UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RAMP 2077SP3,<br><br>    Plaintiff,<br><br>    vs.<br><br>ANTHONY SUICO and FLORDELIZA SUICO,<br><br>    Defendants. | Case No:  C 10-5207 SBA<br><br>**ORDER REMANDING ACTION** |

Plaintiff filed the instant unlawful detainer action against Defendants in the Superior Court of California, County of Contra Costa, on September 29, 2010.  The complaint seeks possession of certain residential property occupied by Defendants.  On November 17, 2010, Defendants filed a pro se notice of removal on the basis of federal subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, and diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  The Court is required to consider issues related to federal subject matter jurisdiction and may do so sua sponte.  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 93-94 (1998).  A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case.  <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 577, 583 (1999).

**1.    Federal Subject Matter Jurisdiction**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ...."  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction is presumed

to be absent unless the defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  "[R]emoval statutes are strictly construed against removal."  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  As such, any doubts regarding the propriety of the removal favor remanding the case.  See Gaus, 980 F.2d at 566.

Here, Defendants' notice of removal alleges that Plaintiff, through its lawful detainer action, has violated various federal statutes, including the Truth in Lending Act and the Real Estate Settlement Procedures Act, and on that basis Defendants assert federal subject matter jurisdiction.  See Notice of Removal, Dkt. 1.  However, federal subject matter jurisdiction is premised on the face of the complaint, and cannot lie in anticipated defenses.  Specifically, federal courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that federal law creates the cause of action.  Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).  Defensive matters are not considered to confer federal question jurisdiction for removal purposes: "a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law."  Id. at 10 (emphasis in original).  In reviewing the complaint, it is readily apparent that

this case does not satisfy the jurisdictional requirements for federal subject matter jurisdiction. Plaintiff's complaint is for unlawful detainer and does not assert any federal cause of action. Thus, at the time of removal, on the record presented, it is facially apparent that this case does not meet the requirements of 28 U.S.C. § 1331 for federal subject matter jurisdiction.

### 2. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, for diversity jurisdiction to apply, Defendants and Plaintiff must not be residents of the same state and the matter in controversy must exceed the sum or value of $75,000. "[T]he defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the jurisdictional amount requirement. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Any doubts regarding whether the jurisdictional threshold has been met must be construed in favor of remanding the action. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1091 (9th Cir. 2003).

Here, Plaintiff does not set forth its residency in its complaint. In their Notice of Removal, Defendants assert that Plaintiff's "state of incorporation is not California." Notice of Removal ¶ 16. However, Defendants fail to provide any support for that assertion and otherwise fail to indicate the actual residency of Plaintiff. Nevertheless, even if Defendants are correct that Plaintiff is not a California resident, Defendants have not shown that the matter in controversy exceeds $75,000. According to its complaint, Plaintiff's action is a "limited civil action" with "$0.00" in controversy, as this suit is for possession of property only and not for damages. Id. Ex. A at 1. Thus, at the time of removal, on the record presented, it is facially apparent that this case does not meet the requirements of 28 U.S.C. § 1332 for diversity jurisdiction. Accordingly,

IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Superior Court of California, County of Contra Costa. The Clerk shall close this file and terminate all pending matters.

IT IS SO ORDERED.

Dated: April 1, 2011

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge